IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLAND EUGENE FULLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-20-446-D |
| | ) |
| WARDEN – FTC Oklahoma City, | ) |
| | ) |
| Respondent. | ) |

### **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 8] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon screening, Judge Mitchell recommends that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction because Petitioner's exclusive remedy is a motion under 28 U.S.C. § 2255 in the sentencing court. Judge Mitchell finds that the limited exception provided by the "savings clause" of § 2255(e) – where the § 2255 remedy "is inadequate or ineffective to test the legality of his detention" – is inapplicable under the circumstances.[1]

Petitioner has neither filed a timely objection nor requested an extension of time to object, even though he was expressly informed of the deadline for filing an objection, the

---

[1] Petitioner's sentence was imposed by a federal district court in South Carolina, and he previously filed a § 2255 motion in that court, which was denied. *See United States v. Fuller*, 404 F. App'x 713 (4th Cir. 2010) (denying certificate of appeal and dismissing appeal from denial of § 2255 motion). A new motion under § 2255 would require prior authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2255(h).

procedure for doing so, and the consequences of failing to object. *See* R&R at 9. Therefore, the Court finds that Petitioner has waived further review of all issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). For the reasons fully explained by Judge Mitchell, the Court finds that the Petition should be dismissed without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE to a future filing under 28 U.S.C. § 2255, if appropriate. A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of July, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge